UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM MCINTYRE                                    CIVIL ACTION

VERSUS                                             NO: 23-5048

CHEVRON PHILLIPS CHEMICAL
COMPANY LP ET AL.                                  SECTION: "J"(4)

**ORDER AND REASONS**

Before the Court in this asbestos exposure matter are two *Motions for Summary Judgment*, one filed by Defendant Huntington Ingalls Incorporated **(Rec. Doc. 230)** and the other by The Travelers Indemnity Company **(Rec. Doc. 233)**. Further, the Court granted ten other defendants leave to join and adopt Huntington Ingalls Incorporated's motion.[1] Plaintiff opposed only Huntington Ingalls Incorporated's motion (Rec. Doc. 264), and Huntington Ingalls filed a reply memorandum (Rec. Doc. 267).

Also before the Court are independent motions for summary judgment filed by Uniroyal Holding, Inc. **(Rec. Doc. 260)**; Anco Insulations Inc. **(Rec. Doc. 262)**; and Hercules, LLC **(Rec. Doc. 263)**. In addition to joining Huntington Ingalls Incorporated's motion for summary judgment, these three parties moved for summary judgment on the additional ground that no genuine issue of material fact exists concerning Plaintiff's exposure to asbestos-containing products that they

---

[1] With leave of Court, the following defendants joined and adopted Huntington Ingalls Incorporated's *Motion for Summary Judgment* (Rec. Doc. 230): Anco Insulations Inc.; Redco Corporation; Uniroyal Holding, Inc.; Flowserve US Inc.; Foster Wheeler Corporation; International Paper Company; Taylor Seidenbach, Inc.; Paramount Global; IMO Industries, Inc.; and Hercules, LLC.

manufactured, sold, or supplied. Uniroyal, Anco, and Hercules also moved for summary judgment on Huntington Ingalls Incorporated's crossclaims and third-party claims against them. These motions have gone unopposed.

Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendants' motions for summary judgment should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Beginning in the 1970s, Plaintiff William McIntyre worked as a laborer at Avondale Shipyard (now Huntington Ingalls Incorporated) and at Chevron Chemical Plant in Gretna. His duties included cleaning up after insulation and gasket removal. On July 11, 2022, Mr. McIntyre received a diagnosis of lung cancer, and upon learning that "this disease was caused by exposure to asbestos," (Rec. Doc. 1-2, at 3), he filed suit in Civil District Court for the Parish of Orleans against his former employers, in addition to manufacturers/suppliers of asbestos-containing products and insurers. On September 1, 2023, Defendant Huntington Ingalls Incorporated removed the matter to this Court based on 28 U.S.C. § 1442, which is the federal officer removal statute.

The matter was set for trial on July 13, 2026, and the deadline for Plaintiff to obtain and deliver expert reports to Defendants' counsel passed on March 20, 2026. At that point, Defendants Huntington Ingalls and The Travelers Indemnity Company, as the liability insurer of certain executive officers of Avondale Industries, Inc., filed their motions for summary judgment, both claiming that Plaintiff had failed to submit any written expert reports by the deadline and would therefore be unable

2

to meet his burden at trial. Defendants argue that as a matter of law, expert witnesses are required to prove causation in an asbestos exposure case.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When evaluating whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citations omitted). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with "conclusory allegations" or "unsubstantiated assertions." *Little*, 37 F.3d at 1075 (citations omitted). To grant a motion for summary judgment, a court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact. *Little*, 37 F.3d at 1075. If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict

3

if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991) (citations omitted). The nonmoving party can then defeat the motion either by demonstrating that a genuine issue of material fact exists, or "by showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, as is the case here, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. When the moving party meets this burden, the non-moving party "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325).

In an asbestos exposure case under Louisiana law, the claimant must demonstrate that (1) "he had significant exposure to the product complained of," and that (2) this exposure "was a substantial factor in bringing about his injury." *Rando v. Anco Insulations, Inc.*, 2008-1163 (La. 5/22/09), 16 So. 3d 1065, 1091 (quoting *Asbestos v. Bordelon, Inc.*, 96-0525 (La. App. 4 Cir. 10/21/98), 726 So. 2d 926, 948). The plaintiff bears the burden of proof on both elements. *Vodanovich v. A.P. Green Indus., Inc.*, 2003-1079 (La. App. 4 Cir. 3/3/04), 869 So. 2d 930, 932. When there are multiple causes of injury, "a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm." *Id.* (citation omitted).

4

To defeat a motion for summary judgment concerning the plaintiff's exposure to asbestos, a plaintiff "need only show that a reasonable jury could conclude that it is more likely than not that [plaintiff] inhaled defendant's asbestos fibers, even if there were only 'slight exposures.'" *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022) (citing *Held v. Avondale Indus., Inc.*, 95-1788 (La. App. 4 Cir. 4/3/96), 672 So. 2d 1106, 1109). However, "evidence of the mere physical presence of asbestos-containing materials at a particular job site is insufficient to defeat an employer's or premises owner's summary judgment motion," so to prevail on a motion for summary judgment, a plaintiff must present specific evidence that establishes both that he was potentially exposed to asbestos-containing materials and that the defendant was responsible for these materials. *Steib v. Lamorak Ins. Co.*, 2020-0424 (La. App. 4 Cir. 2/3/21), 365 So. 3d 745, 754 (citations omitted). The same causation standard (the substantial factor test) is used in cases involving product liability defendants and premises owner defendants. *Thomas v. A.P. Green Indus., Inc.*, 2005-1064 (La. App. 4 Cir. 5/31/06), 933 So.2d 843, 860 (citing *Zimko v. Am. Cyanamid*, 2003-0658 (La. App. 4 Cir. 6/8/05), 905 So. 2d 465, 485).

## **DISCUSSION**

Defendants Huntington Ingalls Incorporated and The Travelers Indemnity Company moved for summary judgment on the ground that Plaintiff cannot meet his burden at trial. Specifically, they argue that Plaintiff cannot prove causation, an essential element of his claims against them, because he failed to identify any expert witnesses who could testify that Plaintiff's exposure to asbestos caused his lung

cancer. It is well established in the Fifth Circuit that "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are *minimal facts* necessary to sustain the plaintiffs' burden in a toxic tort case." *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996) (emphasis added) (citation omitted); *Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 729 (5th Cir. 2009); *see also Molden v. Ga. Gulf Corp.*, 465 F. Supp. 2d 606, 611 (M.D. La. 2006) (explaining that "[i]n exposure cases, it is clear that the causation element requires scientific evidence"). Furthermore, a "plaintiff in such a case cannot expect lay fact-finders to understand medical causation; expert testimony is thus required to establish causation." *Seacor Marine*, 326 F. App'x at 729 (citations omitted). Accordingly, a plaintiff in an asbestos exposure case must rely on expert testimony to establish that (1) he had a significant exposure to asbestos, and (2) that this exposure was a substantial factor in bringing about his illness.

In his opposition to summary judgment,[2] Plaintiff does not dispute Defendants' claim that he failed to disclose any expert reports by March 20, 2026, which was the deadline imposed by the Scheduling Order. Further, Defendants allege that "Plaintiff has not disclosed any information at all to suggest he has retained experts in this

---

[2] Defendants Huntington Ingalls Incorporated and The Travelers Indemnity Company set their motions for submission on May 13, 2026. Pursuant to Local Rule 7.5, "Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." In this case, however, Plaintiff did not file his opposition until May 13, which was the noticed submission date. Furthermore, Plaintiff's counsel included a legal standard for summary judgment that relied exclusively on the Louisiana Code of Civil Procedure. While it is true that Louisiana substantive law governs Plaintiff's asbestos exposure claim, it is Rule 56 of the Federal Rules of Civil Procedure, and not the Louisiana Code of Civil Procedure, that provides the legal standard here. To give Plaintiff the benefit of the doubt, however, the Court will consider his opposition in ruling on Defendants' motions.

case," and that in his responses to discovery requests, "Plaintiff objected that the request for identification of his experts was 'premature' and stated that he would 'supply a list of witnesses [he intends] to call at the trial of this matter in accordance with any applicable scheduling order.'" (Rec. Doc. 230-1, at 2–3). Plaintiff does not contest these allegations, either. Instead, Plaintiff asserts that Defendants have not met their burden for summary judgment, and he seems to suggest that his deposition testimony constitutes sufficient evidence to defeat summary judgment. In fact, Plaintiff claims that "Defendant misstates what Louisiana law requires on proving that an exposure was a significant contributing factor." (Rec. Doc. 264, at 6). However, both Louisiana courts and the Fifth Circuit have made it clear that proving causation in an asbestos exposure case requires expert medical testimony.

In *Boudreaux v. Bollinger Shipyard*, a case very similar to Plaintiff's, the Louisiana Fourth Circuit Court of Appeal affirmed the district court's grant of summary judgment on precisely the same ground as Defendants urge here. There, the plaintiffs brought wrongful death and survival actions on behalf of their father, who had died of lung cancer, against his former employers and their insurers. *Boudreaux v. Bollinger Shipyard*, 2015-1345 (La. App. 4 Cir. 6/22/16), 197 So. 3d 761, 764. The plaintiffs claimed that their deceased father's exposure to asbestos caused his cancer and ultimately his death. *Id.* The trial court first granted the defendants' motion in limine to exclude the plaintiffs' expert under *Daubert* and *Foret*, *id.* at 765–67; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993); *State v. Foret*, 628 So. 2d 1116 (La. 1993), in part because the plaintiffs' expert had not adequately

accounted for the fact that the decedent had smoked cigarettes for thirty years, *id.* at 771. Further, one of the defendants introduced an expert report in which the doctor examined Mr. Boudreaux's lung x-rays and "attributed [his] lung cancer to past cigarette smoking." *Id.* at 772 n.9. After excluding the plaintiffs' expert, the trial court granted the defendants' motion for summary judgment, reasoning that the plaintiffs could not prove causation, an essential element of their cause of action, without their expert's testimony. *Id.* at 766.

On appeal, the Louisiana Fourth Circuit Court of Appeal affirmed the trial court's ruling and stated the following concerning medical causation in general: "As we have noted in the context of non-asbestos cases, 'expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge.'" *Id.* at 775 (citations omitted). The Fourth Circuit agreed with the trial court that because the plaintiffs' only medical causation expert had been excluded, the plaintiffs would not be able to carry their burden at trial. Specifically, the court concluded that without expert testimony, the plaintiffs could not "establish that Mr. Boudreaux's asbestos exposure was a cause-in-fact of his lung cancer." *Id.* at 775–76 (citations omitted).

The instant case has many similarities to *Boudreaux*, and the Louisiana Fourth Circuit's holding that an asbestos plaintiff cannot prove medical causation without expert testimony also applies here. A major difference in the instant case, however, is that Plaintiff has not presented or attempted to present an expert witness to establish medical causation. Therefore, like the plaintiffs in *Boudreaux* after their

expert was excluded, Plaintiff cannot establish that his asbestos exposure was a cause-in-fact of his lung cancer. Additionally, Plaintiff in the instant matter smoked tobacco, like Mr. Boudreaux, and Defendant Huntington Ingalls disclosed a report by Andrew J. Ghio, M.D., a pulmonologist, "who opines that Plaintiff's lung cancer was attributable to his smoking and not to asbestos exposure." (Rec. Doc. 230-1, at 3). Absent expert testimony, Plaintiff cannot counter or contest Dr. Ghio's report.

As a matter of law, Plaintiff cannot establish that any potential asbestos exposure caused his lung cancer without expert testimony. Given that he did not disclose an expert report prior to the deadline, Defendants have amply met their initial burden of demonstrating that there is no genuine dispute as to any material fact. Furthermore, Plaintiff would bear the burden of proof at trial, and Defendants have shown that the evidence in the record is insufficient with respect to an essential element of the Plaintiff's claim, namely causation. Finally, in his opposition, Plaintiff has not gone beyond the pleadings to designate specific facts showing that there is a genuine issue for trial. Summary judgment in Defendants' favor is therefore appropriate.

Plaintiff's claims as to Defendants Huntington Ingalls Incorporated, The Travelers Indemnity Company, and the ten Defendants who joined and adopted Huntington Ingalls's motion shall therefore be dismissed with prejudice. Defendant Huntington Ingalls Incorporated is also a Crossclaim and Third-Party Plaintiff in this matter. Uniroyal Holding, Inc., Anco Insulations Inc., and Hercules, LLC each filed motions for summary judgment, seeking not only summary judgment on Plaintiff's

claims but also on those claims made by Huntington Ingalls. These three motions for summary judgment went unopposed. Further, because all claims against these parties are contingent upon the viability of Plaintiff's claims against Huntington Ingalls, these motions for summary judgment shall also be granted.

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants' *Motions for Summary Judgment* **(Rec. Doc. 230, 233)** are **GRANTED**, and all of Plaintiff's claims against the following defendants are thereby **DISMISSED WITH PREJUDICE**: Huntington Ingalls Incorporated; The Travelers Indemnity Company; Anco Insulations Inc.; Redco Corporation; Uniroyal Holding, Inc.; Flowserve US Inc.; Foster Wheeler Corporation; International Paper Company; Taylor Seidenbach, Inc.; Paramount Global; IMO Industries Inc.; and Hercules, LLC.

**IT IS FURTHER ORDERED** that Uniroyal Holding, Inc.'s *Motion for Summary Judgment* **(Rec. Doc. 260)** is **GRANTED**, and Huntington Ingalls Incorporated's third-party claims against Uniroyal are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Anco Insulations Inc.'s *Motion for Summary Judgment* **(Rec. Doc. 262)** and Hercules, LLC's *Motion for Summary Judgment* **(Rec. Doc. 263)** are **GRANTED**. Accordingly, Huntington Ingalls Incorporated's crossclaims against Anco Insulations Inc. and Hercules, LLC are **DISMISSED WITH PREJUDICE**.

Because all claims against Defendant Huntington Ingalls Incorporated have been dismissed, **IT IS FURTHER ORDERED** that any remaining third-party or crossclaims asserted by Huntington Ingalls Incorporated are moot and are therefore **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that not later than **June 15, 2026**, counsel for all remaining parties shall submit a joint status report as to any remaining claims in this matter.

New Orleans, Louisiana, this 2nd day of June, 2026.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE